**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JONATHAN PAUL NERI HERNANDEZ (A-No. 204-763-754),

Petitioner,

v.

MULLIN, et al.,

Respondents.

No. 1:26-cv-06449-JLT-SAB

ORDER REQUIRING SUPPLEMENTAL BRIEFING REGARDING THE APPLICABLE DETENTION AUTHORITY

Petitioner, Jonathan Paul Neri Hernandez, is an immigration detainee proceeding with a motion for temporary restraining order (Doc. 3), and petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his ongoing detention without an individualized bond hearing. (Doc. 2.) Respondents filed a response to the TRO and habeas petition on August 20, 2026, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A). (Doc. 8 at 1.) Petitioner filed a reply on August 25, 2026, arguing that Petitioner is entitled to release on bond or conditional parole under § 1226(a). (Doc. 9 at 4–7.) Upon review of the matter, the Court concludes that supplemental briefing would assist the Court in resolving the present dispute.

By way of background, Petitioner entered the United States unlawfully as a minor and later obtained Deferred Action for Childhood Arrivals from approximately August 2013 until September 2017, but lost status after the United States Citizenship and Immigration Services

(USCIS) denied his DACA renewal on April 6, 2018. (Doc. 8-1 at 3.) The record highlights at least three criminal arrests which arguably implicate mandatory detention under § 1226(c)(1)(A). *See* 8 U.S.C. § 1226(c)(1)(A) (mandating detention for "any alien who—is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title"); 8 U.S.C. § 1182(a)(2)(C)(i) ("Any alien who the consular officer or the Attorney General knows or has reason to believe is or has been an illicit trafficker in any controlled substance . . . is inadmissible"); 8 U.S.C. § 1182(a)(2)(A)(i)(II) ("[A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21) is inadmissible.").

First, on March 25, 2025, Petitioner was arrested for possession or purchase for the sale of a controlled substance under Cal. Health & Safety Code § 11351. (*See* Doc. 8-2 at 1–7.) Although local police forwarded the case to the Monterey County District Attorney's Office for review and disposition, (*id*. at 7), it is unclear whether charges were ever brought. Indeed, upon searching for the case on the Monterey County Superior Court's website, no cases are found in connection with this arrest.[1] Second, on February 9, 2026, Petitioner was again arrested for possession or purchase for the sale of a controlled substance under Cal. Health & Safety Code § 11351. (Doc. 8-3 at 5.) Respondents indicate that charges in connection with the February 2026 arrest are pending, (*see* Doc. 8 at 3), but Petitioner argues that charges for this arrest were dismissed. (Doc. 9 at 2.) Upon reviewing the Monterey County Superior Court's website, it appears that charges were ultimately brought for this offense however it is unclear whether the case was closed because Petitioner entered a guilty plea, or whether the criminal complaint was simply dismissed.[2] Third, on August

---

[1] *See* Superior Court of California, County of Monterey, Case Search, https://portal.monterey.courts.ca.gov/search/case?caseNumber=EG2500648 (last visited September 2, 2026).

[2] The Monterey County Superior Court docket in *People v. Neri Hernandez*, Case No. 26CR000567, indicates that on June 11, 2026, there was a "Change of Plea Hearing" with the result: "Heard – Dismissed." Superior Court of California, County of Monterey, Case Search, https://portal.monterey.courts.ca.gov/case-view?caseNumber=26CR000567 (last visited September 2,

10, 2025, Petitioner was arrested for possession of a controlled substance under Cal. Health & Safety Code § 11350(a) and there is no indication in the record that this arrest resulted in a charge or conviction. (Doc. 8-3 at 4; Doc. 8-1 at 3.)

Respondents argue that based on the March 2025 and February 2026 arrests, there is reason to believe that Petitioner "is or has been an illicit trafficker in any controlled substance" or "a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance" under 8 U.S.C. § 1182(a)(2)(C)(i). (Doc. 8 at 3; *see also* Doc. 8-2 at 1–7; Doc. 8-3 at 5.) The Court requires additional information regarding the criminal disposition of these two arrests (e.g., whether charges were ever brought, whether charges are pending, or whether charges resulted in a conviction or guilty plea). The Court also requires additional information on the scope of the inadmissibility standard "knows or has reason to believe" and whether a drug trafficking *arrest* alone is sufficient to mandatorily detain someone under § 1226(c) and § 1182(a)(2)(C)(i).

According to the Ninth Circuit, "Section 1182(a)(2)(C) . . . does not require a conviction in order for the alien to be deemed removable . . . . The only requirement under § 1182(a)(2)(C) is that an immigration official has 'reason to believe' that the alien is or has been involved in illicit drug trafficking." *Lopez-Molina v. Ashcroft*, 368 F.3d 1206, 1209 (9th Cir. 2004) (citing *Alarcon-Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir. 2000)). In *Alarcon-Serrano*, the Ninth Circuit found that the Immigration Judge's determination, which was based on substantial evidence that petitioner was attempting to drive a car carrying eighty-six pounds of concealed marijuana—despite not being convicted of that crime—was sufficient to find him inadmissible by reason of having committed a criminal offense covered in section 1182(a)(2). *Alarcon-Serrano*, 220 F.3d at 1117–20. However, these cases do not address the issue of mandatory detention under § 1226(c) in the habeas context, whereas here, Petitioner has not yet been found inadmissible under § 1182(a)(2)(C)(i) by an Immigration Judge based on these arrests.[3] (*See* Doc. 8-5 at 1.) Notably, Petitioner was charged as

2026).

[3] The Department of Homeland Security only recently issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, codified in 8 U.S.C.

inadmissible under a separate statutory provision, 8 U.S.C. § 1182(a)(6)(A)(i), and not § 1182(a)(2)(C)(i). (*Id.*) Additionally, it is unclear whether the inadmissibility standard enumerated in § 1182(a)(2)(C)(i) requires more than an arrest, or whether an arrest of illicit drug trafficking activity alone suffices for purposes of mandatory detention under § 1226(c)(1)(A).

Respondents further suggest that Petitioner's August 2025 arrest for violating the Cal. Health & Safety Code § 11350(a) for possessing a controlled substance also subjects him to mandatory detention under § 1226(c). (Doc. 8 at 1–3.) Again, the Court requires additional information regarding the specific controlled substance at issue, the criminal disposition of this arrest, and whether a conviction is needed to properly detain someone under § 1226(c) and § 1182(a)(2)(A)(i)(II). *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II) (explaining that this provision applies to "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of" any crime involving "a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21)") (emphasis added); *Lazo v. Wilkinson*, 989 F.3d 705, 709 (9th Cir. 2021) ("[A]n alien is generally removable if he or she has been convicted of a violation of a federal, state, or foreign law 'relating to a controlled substance,' as that term is defined in § [8]02 of the Controlled Substances Act ("CSA")") (emphasis added).

As such, the Court finds that supplemental briefing would assist the Court in this matter. Thus, **within 10 days of the date of this order**, the parties **SHALL** file a supplemental brief addressing the issue set forth above.

IT IS SO ORDERED.

Dated: September 2, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

---

§ 1182(a)(6)(A)(i), on June 24, 2026. (Doc. 8-5 at 1.) Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that this case is pending with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited September 2, 2026).