**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JONATHAN PAUL NERI HERNANDEZ (A-No. 204-763-754),

Petitioner,

v.

MULLIN, et al.,

Respondents.

Case No. 1:26-cv-06449-JLT-SAB

ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Docs. 2, 3)

Before the Court is Jonathan Paul Neri Hernandez's petition for writ of habeas corpus brought under 28 U.S.C. § 2241, (Doc. 2), and his request for a temporary restraining order, (Doc. 3). Petitioner is an immigration detainee in U.S. Immigration Customs and Enforcement custody at the Mesa Verde Detention Center in Bakersfield, California. Having evaluated Petitioner's habeas petition and TRO request, Respondents' opposition, Petitioner's reply, and the parties' supplemental briefing (Docs. 2, 3, 8, 9, 11, 12), the Court **DENIES** the habeas petition[1] for the

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of the habeas petition. (Doc. 7.) Respondents did not request a hearing or further briefing on either the TRO or habeas petition. (*See* Doc. 8 at 6.) Petitioner "submits that the existing record supports the emergency relief requested" and only requests supplemental briefing and a hearing should the Court conclude that mandatory detention under § 1226(c) is legally applicable. (*See* Doc. 9 at 7–8.) Because the parties have now submitted supplemental briefing on the issue of § 1226(c) mandatory detention (*see* Docs. 11, 12), the Court decides this case on the underlying habeas petition without further briefing or a hearing.

reasons stated below.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Mexico. (Doc. 2, ¶ 19.) He immigrated to the United States as a minor in 2004 and has continuously lived in the United States for more than twenty years. (*Id*. at ¶¶ 19–20.) From August 2013 until September 2017, Petitioner had lawful DACA status, but USCIS denied his DACA renewal application on April 6, 2018. (Doc. 8-1 at 3.) It appears Petitioner has been without lawful immigration status since that date. (*See id*.)

Over the years, Petitioner has been arrested and convicted for a series of offenses. (*See* Doc. 8-3 at 2–5.) In relevant part, on March 25, 2025, Petitioner was suspected of violating Cal. Health & Safety Code § 11351, in the possession or purchase for the sale of a controlled substance. (*See* Doc. 8-2 at 1–7.) According to the arrest report, on March 26, 2025, local police recovered approximately 17.4 grams of cocaine from Petitioner's FedEx Package, which were concealed within one half-filled jar of peanut butter, that Petitioner had attempted to deliver the day prior via overnight delivery. (*Id*.) On April 3, 2025, local police forwarded the case to the Monterey Couty District Attorney's Office for review and disposition. (*Id*. at 7.) On January 20, 2026, the District Attorney filed a criminal complaint at the Monterey County Superior Court against Petitioner in connection with this offense. (*See* Doc. 11-1 at 1–3.) On February 9, 2026, Petitioner was arrested in connection with this offense. (*See* Doc. 8-3 at 5; Doc. 12 at 14–15.) That day, Petitioner appeared at the Monterey County Superior Court for his "Return on Warrant" court proceeding, waived formal arraignment, and entered a plea of not guilty. (Doc. 12 at 14.) On June 11, 2026, the Monterey County Superior Court dismissed the complaint for insufficient cause pursuant to Cal. Pen. Code § 871. (Doc. 11-1 at 4.)

On August 10, 2025, Petitioner was arrested for possession of cocaine under Cal. Health & Safety Code § 11350(a). (Doc. 8-3 at 4; Doc. 12 at 27.) On September 3, 2025, the District Attorney filed a criminal complaint at the Monterey County Superior Court against Petitioner in connection with this offense. (Doc. 12 at 27.) On September 17, 2025, Petitioner appeared for his arraignment hearing, waived formal arraignment, and entered a plea of not guilty. (*Id*. at 31.) The court then released the Petitioner on his own recognizance subject to certain conditions. (*Id*. at

32.) After a series of continuances (*id*. at 33–38), Petitioner appeared on June 11, 2026, for his pretrial conference and the court continued his case to June 25, 2026, for pretrial diversion eligibility. (*Id*. at 39.) At that time, the Court found that Petitioner was to remain released on his own recognizance. (*See id*. at 32, 39.) According to Petitioner, his charges for this offense remain pending and he is expected to proceed through pretrial diversion. (*Id*. at 2.)

On June 24, 2026, ICE arrested the Petitioner at his residential address pursuant to an I-200 administrative warrant for his arrest. (Doc. 8-1 at 2; Doc. 8-4 at 1.) That day, DHS issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, codified in 8 U.S.C. § 1182(a)(6)(A)(i). (Doc. 8-5 at 1.) Petitioner was subsequently transferred to Mesa Verde Detention Center in Bakersfield, California, where he remains. (Doc. 2, ¶ 18.) On July 28, 2026, Petitioner filed an application for asylum. (*Id*. at ¶ 23.) On September 8, 2026, an Immigration Judge denied relief and ordered Petitioner removed to Mexico. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited October 13, 2026). On October 1, 2026, Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals. (*See* Doc. 15 at 4–10, 12–13, 15, 17; Doc. 16 at 1.) As such, Petitioner's order of removal is not yet administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(i).

On August 13, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion for TRO. (Docs. 2, 3.) On August 20, 2026, Respondents filed an opposition arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) for illicitly trafficking a controlled substance in violation of 8 U.S.C. § 1182(a)(2)(C)(i) and for possessing a controlled substance in violation of 8 U.S.C. § 1182(a)(2)(A)(i)(II). (*See* Doc. 8 at 1–6.) On September 3, 2026, this Court ordered supplemental briefing on the issue of mandatory detention under 8 U.S.C. § 1226(c). (Doc. 10.) The parties filed supplemental briefing on September 11 and September 12, 2026. (Docs. 11, 12.) Finally, on October 9, 2026, the parties updated the Court that Petitioner had appealed his order of removal to the BIA. (*See* Docs. 15, 16.) The matter is now ripe for review.

///

## II. JURISDICTION

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release or an immediate bond hearing because he contends that DHS's detention violates his Fifth Amendment Due Process rights. (*See* Doc. 2 at 16–17.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no final removal order at issue, and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III. ANALYSIS

As a threshold matter, Respondents suggest that Petitioner's August 2025 arrest and charge for possession of a controlled substance in violation of Cal. Health & Safety Code § 11350(a) subjects him to mandatory detention under § 1226(c). (*See* Doc. 8 at 3.) However, Petitioner has not been convicted of this offense. (*See* Doc. 12 at 2, 27, 39.) Thus, he is not subject to mandatory detention for this charge. *Cf. Bucio Rosales v. Warden of the Golden State Annex Detention Facility, et al.*, No. 1:26-cv-02472-JLT-HBK, 2026 WL 1030955, at *1, 3 (E.D. Cal. Apr. 16, 2026) (finding that respondents had presented a colorable basis for petitioner's arrest and detention under § 1226(c) where the record indicated he was twice convicted of possession of a controlled substance under divisible California statutes, including Cal. Health & Safety Code § 11350(a)).

In the immigration context, "an alien is generally removable if he or she has been

convicted of a violation of a federal, state, or foreign law 'relating to a controlled substance,' as that term is defined in § [8]02 of the Controlled Substances Act ("CSA"), 21 U.S.C. § 802." *Lazo v. Wilkinson*, 989 F.3d 705, 709 (9th Cir. 2021) (citing 8 U.S.C. § 1227(a)(2)(B)(i)) (emphasis added). Additionally, section 1226(c)(1)(A) mandates detention for "any alien who—is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title," and section 1182(a)(2)(A)(i)(II) expressly requires a conviction or an admission of guilt relating to a controlled substance for the individual to be found inadmissible. 8 U.S.C. § 1226(c)(1)(A); 8 U.S.C. § 1182(a)(2)(A)(i)(II) ("any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of" any crime involving "a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21)") (emphasis added). Neither of which apply here. Petitioner's charge under Cal. Health & Safety Code § 11350(a) for possessing cocaine remains pending and he has not plead guilty to this offense. (*See* Doc. 12 at 2, 27, 31, 39.) Thus, Respondents cannot mandatorily detain Petitioner under section 1226(c) on this basis.

However, Respondents also argue that Petitioner's March 2025 drug trafficking incident (Doc. 8-2 at 1–7) renders him subject to mandatory detention under section 1226(c) because there is reason to believe that Petitioner "is or has been an illicit trafficker in any controlled substance" or "a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance" under 8 U.S.C. § 1182(a)(2)(C)(i). (Doc. 8 at 3.) Petitioner's drug trafficking charge under Cal. Health & Safety Code § 11351 was ultimately dismissed. (Doc. 11-1 at 1–4.) However, "[u]nlike other provisions triggering mandatory detention under § 1226(c) (e.g., 8 U.S.C. § 1227(a)(2)), 8 U.S.C. § 1182(a)(2)(C) turns not on criminal conviction but on whether the government 'knows or has reason to know' the noncitizen has engaged in or benefitted from trafficking of controlled substances." *Gutierrez-Guerra v. Warden*, No. 1:26-cv-02545-DAD-SCR, 2026 WL 1745492, at *3 (E.D. Cal. June 17, 2026).

According to the Ninth Circuit, "Section 1182(a)(2)(C) . . . does not require a conviction in order for the alien to be deemed removable . . . . The only requirement under § 1182(a)(2)(C) is

that an immigration official has 'reason to believe' that the alien is or has been involved in illicit drug trafficking." *Lopez-Molina v. Ashcroft*, 368 F.3d 1206, 1209 (9th Cir. 2004) (citing *Alarcon-Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir. 2000)). In *Alarcon-Serrano*, the Ninth Circuit found that the Immigration Judge's determination, which was based on substantial evidence that petitioner was attempting to drive a car carrying eighty-six pounds of concealed marijuana—despite not being convicted of that crime—was sufficient to find him inadmissible by reason of having committed a criminal offense covered in section 1182(a)(2). *Alarcon-Serrano*, 220 F.3d at 1117–20. While these cases do not arise in the habeas context, they nonetheless provide insight on the standard of inadmissibility under section 1182(a)(2)(C)(i).

The Court finds that Respondents present a colorable basis for mandatory detention under section 1226(c) based on Petitioner's March 2025 arrest and charge for possession for the sale of controlled substance under Cal. Health & Safety Code § 11351, despite the dismissal of such charge. Petitioner argues that Respondents must provide substantial evidence that Petitioner knowingly engaged in illicit drug trafficking to prevail. (Doc. 12 at 3.) However, the correct inquiry is whether substantial evidence supports the government's conclusion that Petitioner was *either* an illicit trafficker *or* knowingly assisted, abetted, conspired, or colluded with others in such illicit trafficking. *Alarcon-Serrano*, 220 F.3d at 1119; *see also* 8 U.S.C. § 1182(a)(2)(C)(i).

Even if, as Petitioner argues, he did not admit to knowing cocaine was concealed in the peanut butter jar (Doc. 12 at 4), the government here had "reason to believe" that Petitioner "is or has been an illicit trafficker." 8 U.S.C. § 1182(a)(2)(C)(i). According to the police report, Petitioner arrived at FedEx with a suspicious package—namely, an open half-filled jar of peanut butter—and lied about the contents of the package when he told the store clerk that the package contained cologne. (Doc. 8-2 at 4.) Officers then discovered that the peanut butter jar contained five Ziplock bags of white powder, which later tested positive for 17.4 grams of cocaine. (*Id*. at 5.) Officers interviewed the store manager and store clerk—who identified the Petitioner by his California driver's license—and reviewed video surveillance of Petitioner coming into the FedEx store attempting to ship the package. (*Id*. at 4–5.) The cocaine and video surveillance footage was further turned into evidence. (*Id*. at 5.) Therefore, the Court concludes that Respondents' have

substantial evidence and "reason to believe" that Petitioner "is or has been an illicit trafficker" under 8 U.S.C. § 1182(a)(2)(C)(i), subjecting him to mandatory detention under section 1226(c).[2]

## IV. CONCLUSION AND ORDER

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 2) is **DENIED.**

2. Petitioner's Motion for Temporary Restraining Order (Doc. 3) is **DENIED** as moot.

3. The Clerk of the Court is directed to serve the Mesa Verde Detention Center in Bakersfield, California with a copy of this order.

4. The Clerk of the Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: October 15, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner's detention becomes unreasonably prolonged, Petitioner may raise a due process challenge at that time. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 877–82 (E.D. Cal. 2022) (finding that petitioner's one-year detention under § 1226(c) entitled him to a bond hearing). Because Petitioner has only been detained for approximately four months, (*see* Doc. 8-1 at 2), any such argument would be premature. Further, to the extent Petitioner's arrest and charge in the illicit sale of a controlled substance under Cal. Health & Safety Code § 11351, which was ultimately dropped due to insufficient cause (*see* Doc. 11-1 at 1–4), does not render him inadmissible within the meaning of 8 U.S.C. § 1182(a)(2)(C)(i), Petitioner may request a *Joseph* hearing where he demonstrates that he is not properly included in a mandatory detention category. *See Demore v. Kim*, 538 U.S. 510, 513 n.3 (2003) ("This '*Joseph* hearing' is immediately provided to a detainee who claims that he is not covered by § 1226(c). . . At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention."); *Matter of Joseph*, 22 I&N Dec. 799, 799 (BIA 1999).